UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NISAN D. MEAD,

   Plaintiff,             Case No: 1:12-cv-1318

v.                  HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.
_____/

## **OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The matter is presently before the Court on Plaintiff's objections to the R & R. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I.**

Plaintiff objects that the Magistrate Judge erred in concluding that the Administrative Law Judge (ALJ) adhered to the treating physician rule. Plaintiff notes that "[m]edical opinions are only given less than controlling weight only if they are 'not inconsistent with other *substantial evidence*

in the record'" (Obj., Dkt 17 at 3, citing 20 C.F.R. § 404.1527(c)(2) and § 416.927(c)(2) (emphasis added)). Plaintiff argues that the ALJ did not find "substantial evidence" contradicting Dr. Ebaugh's opinions, but simply found "Dr. Ebaugh's opinions were inconsistent with *any* other evidence in the record" (Obj. at 3).

Plaintiff contends that the ALJ's only reason for rejecting Dr. Ebaugh's opinions was that they were predicated solely on Plaintiff's subjective complaints and were not credible because they were provided in connection with his claim for benefits, both of which are inappropriate reasons for rejecting treating source opinions (Obj. at 3). Plaintiff argues that because the ALJ failed to identify substantial evidence contradicting Dr. Ebaugh's opinions, and the treating source relied on medically-acceptable clinical and diagnostic findings, the opinions should have been given controlling weight (Obj. at 5). Plaintiff further argues that even assuming *arguendo* that the evidence cited by the ALJ was sufficient to not give Dr. Ebaugh's opinions controlling weight, they are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. And under the factors, the opinions are entitled to the greatest weight and should be adopted, even if they do not meet the test for controlling weight. Thus, remand is required to appropriately weigh the opinions from the treating source. Plaintiff concludes by arguing that the Magistrate Judge relies on findings never made by the ALJ and fails to cite specific evidence the ALJ relied on to support his conclusions, including his determination of Plaintiff's residual functional capacity (RFC) (Obj. at 6-7).

These arguments essentially reiterate Plaintiff's brief on appeal (Brf., Dkt 11 at 11-14). The arguments are without merit. The Magistrate Judge fully considered Plaintiff's arguments in light of the appropriate standards under the treating physician doctrine, which she set forth in detail (R

2

& R at 12-14). Her conclusion that the ALJ properly evaluated the medical evidence is sound in light of the governing principles and the record. The Magistrate Judge found that Dr. Ebaugh's opinion was inconsistent "with the evidence of record" and the "contemporaneous treatment notes" (R & R at 14), as recognized by the ALJ (*see* Decision, Dkt 6-2 at 29 ("Dr. Ebaugh's conclusion that [Plaintiff] is disabled … is not supported by the record as a whole, nor is it consistent with her own treating records")). The ALJ set forth his reasoning for affording Dr. Ebaugh's opinion only "limited weight" (*id.*):

> [the conclusion] is almost entirely predicated on the claimant's subjective complaints of pain, which as discussed above, are not consistent with the objective medical findings. Additionally, it is noted that the opinions were solicited in order to support the claimant's application for social security disability benefits (Exhibit 13F/24). There is no indication that Dr. Ebaugh, on her own initiative, provided a disability opinion on the claimant's behalf because of a deep conviction that the claimant was totally and completely disabled by his impairments.

The Magistrate Judge found the ALJ's evaluation proper. Although briefly stated, the Magistrate Judge's determination (R & R at 14) followed a detailed review of the record evidence (*id.* at 3-9); references to Dr. Ebaugh's report (*id.* at 8-9, 12); and a thorough review of the governing rules (*id.* at 12-14). The Magistrate Judge properly determined that "the ALJ's conclusion to afford less than controlling weight to Dr. Ebaugh's opinion is supported by substantial evidence" (*id.* at 14). Plaintiff's objection is therefore denied.

**II.**

Plaintiff next objects to the Magistrate Judge's conclusion that the ALJ appropriately found Plaintiff's allegations not credible based on determinations that Plaintiff was not "candid" in describing a past conviction for larceny and based on the objective medical evidence and Plaintiff's reported activities (Obj. at 8). Plaintiff argues that the findings made by the ALJ, even in

3

combination, were insufficient to find Plaintiff's testimony not credible. This objection is without merit.

The Magistrate Judge's conclusion is fully supported and proper. She correctly set forth the applicable legal principles for evaluating a claimant's assertions of disabling pain and limitations, as well as the ALJ's credibility assessment (R & R at 15-16). She noted that contrary to Plaintiff's argument, the ALJ did not find Plaintiff "not credible" because of his larceny conviction but rather because he was less than candid in his description of it (*id.* at 17), which was proper and reasonable based on the record. Further, as the ALJ recognized, neither the objective medical evidence nor Plaintiff's reported activities supported his subjective allegations (*id.*). Thus, the ALJ's decision to accord limited weight to Plaintiff's subjective allegations was supported by substantial evidence (*id.*). Plaintiff's challenges to these findings fail.

"An ALJ's credibility assessment must be accorded great weight and deference …." *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. July 29, 2004) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("'It [i]s for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony'") (citations omitted). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. As the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. Oct. 4, 2013) (citation omitted).

This objection is denied.

**III.**

Plaintiff's final objection is that the ALJ failed to adequately consider Plaintiff's obesity (Obj. at 10). Plaintiff argues that beyond finding Plaintiff's obesity was a severe impairment, the ALJ did not discuss it at all, which fails to comply with the required analysis under Sixth Circuit law and Social Security Ruling 02-1p. This argument fails.

"'Social Security Ruling 02-1p does not mandate a particular mode of analysis,' but merely directs an ALJ to consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation." *Nejat v. Comm'r of Soc. Sec.,* 359 F. App'x 574, 577 (6th Cir. Dec. 22, 2009) (citation omitted); *see also Bledsoe v. Barnhart,* 165 F. App'x 408, 412 (6th Cir. Jan. 31, 2006) ("[i]t is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants").

The Magistrate Judge observed that: (1) the ALJ recognized that Plaintiff's obesity constituted a severe impairment, and (2) he analyzed the entire record in assessing Plaintiff's RFC. Accordingly, the ALJ's RFC determination sufficiently accounted for Plaintiff's obesity and the limitations imposed. The Magistrate Judge properly concluded that the consideration of Plaintiff's obesity was sufficient.

The Court finds Plaintiff's objections to the Report and Recommendation without merit.

Accordingly:

**IT IS HEREBY ORDERED** that the objections (Dkt 17) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 16) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: March 31, 2014         /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge